UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIAMOUNA D. DIAKITE,

        Plaintiff,

                                 Civil Case No. 23-10470
v.                                  Honorable Linda V. Parker

JANET L. YELLEN, Secretary of the
U.S. Department of Treasury,

        Defendant.

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND FOR MORE DEFINITE STATEMENT (ECF NO. 11)

Plaintiff initiated this *pro se* action against Defendant on February 24, 2023, by submitting a completed "Complaint for Employment Discrimination" form provided by the Court.  (ECF No. 1.)  Plaintiff's Complaint is a lengthy narrative in which she describes her treatment as an employee with the Internal Revenue Service ("IRS"). Defendant has moved to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and for a more definite statement under Rule 12(e).

With the facts and legal arguments adequately presented in the parties' submissions, the Court is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f).  For the reasons that follow, the Court

grants Defendant's motion to dismiss Plaintiff's claims pursuant to Rule 12(b)(6) and requires Plaintiff to amend her Complaint.

## I.    Factual Background

In her *pro se* Complaint, Plaintiff identified the following as a basis for jurisdiction of her claims: (1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17; (2) Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634; and (3) Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-17. (*See* ECF No. 1 at PageID. 4.)

Plaintiff states that she is an African American woman, born in Mali, West Africa in 1967 and is a breast cancer survivor. (*See id.* at PageID. 5.) She further states that the alleged conduct has been occurring since May 2019. (*See id.*) Plaintiff's Complaint identifies the following as discriminatory conduct: (1) Failure to promote; (2) Unequal terms and conditions of her employment; and (3) Other Acts. (*See id.*) Under Other Acts, Plaintiff's Complaint states:

> a. Management disclosed [Plaintiff]'s confidential medical information. b. Management asked [Plaintiff] when she plans to retire. c. Management failed to provide training to the [Plaintiff]. d. Management prevented the [Plaintiff] from participating in the candidate development program. e. [Plaintiff] was required to provide self-assessment two days after commitments were approved.

(*Id.*)

It appears from the Complaint that Plaintiff was an employee of the IRS and held the title of Supervisory Employee Protection Specialist. (*See id.* at PageID.

2

58.)  Plaintiff sought advanced employment opportunities. (*See id.* at PageID. 6.)

Her supervisor, Peter Wade, indicated he would assist her by helping her obtain

temporary assignments to broaden her experience in order to receive a promotion.

(*See id.*) Thereafter, Plaintiff accepted a detail in the Office of the Chief Risk

Officer as Lead Program Evaluation and Risk Analyst from July 2019 to October

2019. (*See id.* at PageID. 58.)

Plaintiff would accept another detail from October 2019 to January 2020 as

a Government Information Specialist to Incident Management. (*See id.*) On March

30, 2020, Peter Wade informed Plaintiff that she had the opportunity to interview

with Identity Assurance for a "long-term detail." (*See* ECF No. 1-1 at PageID.

145.) Wade thought this would be a great opportunity for Plaintiff that would

position her well for advancing in the future. (*See id.*) Plaintiff interviewed and

was selected for the position on April 20, 2020. (*See* ECF No. 1 at PageID. 31.)

While Plaintiff was taking these temporary assignments, her salary remained

the same. (*See* ECF No. 1-1 at PageID. 195 ("The Complainant's pay was not

affected when the Complainant was offered detail assignments beginning July

2019.")) Additionally, when Plaintiff's temporary assignments were completed,

she would return to her original position and her replacement, Dana Fruendt,

would be moved to another position. (*See id.* at PageID. 155 ("[W]hen I came back

to my Supervisory Employee Protection Specialist position on 9/14/20, they placed Ms. Fruendt to another supervisory position.”))

Furthermore, in an EEOC Investigative Affidavit, attached to Plaintiff's Complaint, Peter Wade, states that Plaintiff “was not removed from her position of Supervisory Employee Protection Specialist.” (*See* ECF No. 1-1 at PageID. 194.)

In short, it appears that Plaintiff argues that she did not have the ability to decline the detail assignments, despite asking for advancement opportunities, and that the detail assignments were actually pretextual, as Plaintiff claims she was replaced by Ms. Fruendt, who is Caucasian, U.S. born, younger and does not have a history of breast cancer. (*See* ECF No. 1 at PageID. 6-8.)

Plaintiff further argues that she was given a low rating on her Leadership Succession Review (LSR) and she was not selected for promotions based on that rating. (*See* ECF No. 12 at PageID. 462.)

On August 21, 2020, Plaintiff filed an EEO complaint alleging violations of Title VII based on age, race, color, national origin, and disability. (*See* ECF No. 1 at PageID. 34)

Plaintiff filed a second EEO complaint alleging discrimination and retaliation, which is still pending. Thereafter, on February 24, 2023, Plaintiff filed this Complaint.

4

Defendant moves for dismissal of Plaintiff's discrimination claims based on placement in the temporary detail positions or removal from her Supervisory Employee Protection Specialist position. (*See* ECF No. 11 at PageID. 437.) Defendant also moves for dismissal of any of Plaintiff's claims in her second EEOC Complaint arguing that those claims are unexhausted. Lastly, Defendant moves for a more definite statement on any possible remaining claims.

## II.    Law and Analysis

### Standard for Dismissal Pursuant to Rule 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

5

true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption is not applicable to legal conclusions, however. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).

Moreover, *pro se* complaints are to be construed liberally. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, *pro se* litigants are not permitted to forego "basic pleading essentials" in their complaints. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citing *Haines*, 404 U.S. at 521).

6

a. *Plaintiff's Discrimination Claims*

An adverse employment action is a necessary element to each of Plaintiff's discrimination claims identified in her Complaint. *See Laster v. City of Kalamazoo*, 746 F.3d 714, 727 (6th Cir. 2014) (discrimination under Title VII); *Smith v. Wrigley Mfg. Co.*, 749 F. App'x 446, 448 (6th Cir. 2018) (age discrimination under ADEA); *Whitfield v. Tennessee*, 639 F.3d 253, 258-59 (6th Cir. 2011) (employment discrimination under the ADA).

Plaintiff argues that she was looking to advance her career but all three temporary assignment details were not managerial but "were administrative and clerical details designed to prevent the Plaintiff from getting a promotion." (ECF No. 12 at PageID. 454.) She further argues that Defendant's "actions of reassigning [Plaintiff]'s responsibility and changing her duties from supervisory to clerical duties constituted an adverse action." (*Id.*)

An adverse employment action is defined as a "materially adverse change in the terms or conditions" of employment. *Kocsis v. Multi-Care Mgmt. Inc.,* 97 F.3d 876, 885 (6th Cir. 1996). Adverse employment actions constitute "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing significant change in benefits." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998).

However, the Sixth Circuit has held that "reassignments without salary or work hour changes do not ordinarily constitute adverse employment decisions in employment discrimination claims." *Kocsis*, 97 F.3d at 885 (6th Cir. 1996) (citation omitted). As is the case with Plaintiff, these reassignments were temporary and did not result in a loss in salary. *See Bowman v. Shawnee State Univ.*, 220 F.3d 456, 461 (6th Cir. 2000) (footnote omitted) ("While a permanent loss of the … position may well have constituted [a materially adverse action], … it is clear that [Plaintiff] did not suffer an adverse employment action by the very temporary loss of his position."); *see also Yates v. Avco Corp.*, 819 F.2d 630, 638 (6th Cir. 1987) (holding that there was no adverse employment action where a temporary transfer did not result in loss of salary or benefits).

In *Kocsis*, the Sixth Circuit concluded that a "materially adverse employment action might be indicated if an employee received *significantly diminished* material responsibilities." *Kocsis*, 97 F.3d at 886 (quoting *Crady v. Livery Nat'l Bank and Trust Co.*, 993 F.2d 132, 136 (7th Cir. 1993)) (emphasis in original). *See, e.g.*, *Flaherty v. Gas Rsch. Inst.*, 31 F.3d 451, 456 (7th Cir. 1994) (holding that a semantic change in title and a "bruised ego" were not a material adverse change where pay and benefits remained the same);  *Harlston v. McDonnell Douglas Corp.*, 37 F.3d 379, 382 (8th Cir. 1994) ("changes in . . . working conditions that cause no materially significant disadvantage . . . are

8

insufficient to establish the adverse condition required."); *Kelleher v. Flawn*, 761

F.2d 1079, 1086 (5th Cir. 1986) (holding that a plaintiff's "subjective impressions

as to the desirability of one position over another" is not controlling).

Plaintiff's temporary assignments, which did not result in a loss of pay or

other benefits, and her return to her supervisory role, did not significantly diminish

her material responsibilities and did not constitute an adverse employment action.

As a result, Plaintiff has failed to adequately allege an adverse employment action

as required for a claim of employment discrimination under Title VII, ADA or

ADEA.

b.  *Plaintiff's Remaining Claims*

Plaintiff's remaining claims state that she received a lower Leadership

Succession Review (LSR) rating and was not selected for a promotion as a result.

These claims are currently pending before the Equal Employment Opportunity

Commission. (*See* ECF No. 11-1 at PageID. 448.) These claims have not been fully

exhausted as required.

Complainants asserting an employment discrimination claim under Title VII

are required to exhaust all administrative remedies before they are able to sue.  *See*

*Lockett v. Potter*, 259 F. App'x 784, 786 (6th Cir. 2008) (citing *McFarland v.*

*Henderson*, 307 F.3d 402, 406 (6th Cir. 2002)).  As the court in *Lockett* laid out:

> Administrative exhaustion requirements for federal employees include:
> consultation  with  an  EEO  counselor  within  forty-five  days  of  the

allegedly discriminatory incident, 29 C.F.R. § 1614.105(a)(1); filing an individual complaint of discrimination with the allegedly discriminatory agency, 29 C.F.R. § 1614.106(a); and receipt of a final agency decision, 29 C.F.R. § 1614.110(a). The employee may file a discretionary appeal of an agency's final action to the Equal Employment Opportunity Commission ("EEOC") within thirty days of final agency action. 29 C.F.R. § 1614.402(a). Within ninety days of receiving notice of the final agency action or the EEOC decision, or within 180 days of filing the initial complaint with the agency or the appeal with the EEOC, the employee can file civil suit in a U.S. District Court. 29 C.F.R. § 1614.407(a)–(d).

*Id.* at 786.

A complainant must file an action within the time frame allotted for the action to be considered by the Commission. The time period for a complainant to file an action in federal court begins to run when the complainant or complainant's lawyer receives the notice of final decision from the EEOC Office of Federal Operations (OFO). *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92 (1990) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 634 (1962)) (quoting *Smith v. Ayeri,* 101 U.S. 320, 326 (1880)).

Plaintiff, as Complainant, must follow the statutory timeline to have properly exhausted her administrative remedies. Failure to exhaust administrative remedies in a timely manner is an affirmative defense. *See Lockett*, 259 F. App'x at 786. As an affirmative defense, Defendant bears the burden of pleading and proving Plaintiff's failure to satisfy the exhaustion requirements. *Id.* (citing

10

*Williams v. Runyon,* 130 F.3d 568, 573 (3d Cir. 1997); *Bowden v. United States,* 106 F.3d 433, 437 (D.C. Cir. 1997)).

Defendant argues that since Plaintiff elected to appeal to the EEOC OFO, and ninety days have passed since the final agency action, she cannot file a district court action on her second EEOC complaint until the EEOC OFO issues a decision, or 180 days have passed since she filed her appeal. (*See* ECF No. 11 at PageID. 443.)

The EEOC rendered a final decision on Plaintiff's complaint on December 22, 2022. Thereafter, Plaintiff could have filed a federal action within ninety days or appealed the EEOC's decision within thirty days. It appears, however, that Plaintiff did both. Plaintiff filed this action on February 24, 2023, sixty-four days after the EEOC's decision. (*See* ECF No. 1.) Plaintiff also filed an appeal of the EEOC Order. (*See* ECF No. 11-2.) The record is unclear as to when the appeal filing occurred, but it could not have been later than March 17, 2023. (*See* ECF No. 11-2 at PageID. 450.)

Because Plaintiff elected to appeal to the EEOC OFO, and ninety days have passed since the final agency action, she cannot file a district court action on her second EEOC complaint until the EEOC OFO issues a decision, or 180 days have passed since she filed her appeal. *See* 29 C.F.R. § 1614.407(e). The EEOC OFO has not issued a decision and 180 days had not elapsed from the date of her appeal

11

the filing of this action. (*See* ECF No. 11-2 at PageID. 450, OFO App., Ex. 2).

Accordingly, Plaintiff's claims in this action arising from her second EEOC

complaint must be dismissed as they are not yet exhausted.

<u>Standard for a More Definite Statement Pursuant to Rule 12(e)</u>

"If a pleading fails to specify the allegations in a manner that provides

sufficient notice, a defendant can move for a more definite statement under Rule

12(e) before responding." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

Federal Rule of Civil Procedure 12(e) provides that "if a pleading to which a

responsive pleading is permitted is so vague or ambiguous that a party cannot

reasonably be required to frame a responsive pleading, the party may move for a

more definite statement before interposing a responsive pleading." Fed. R. Civ. P.

12(e). Federal courts generally disfavor motions for more definite statements.

*Federal Ins. Co. v. Webne*, 513 F. Supp. 2d 921, 924 (N.D. Ohio 2007).

In view of the notice pleading standards of Rule 8(a)(2) and the opportunity

for extensive pretrial discovery, courts rarely grant such motions. *See id.* A motion

under Rule 12(e) should not be granted unless the complaint is "so excessively

vague and ambiguous as to be unintelligible and as to prejudice the defendant

seriously in attempting to answer it." *Shirk v. Fifth Third Bancorp*, No. 05-049,

2008 WL 4449024, *8 (S.D. Ohio 2008) (quoting *Kok v. First Unum Life Ins. Co.*,

154 F. Supp. 2d 777, 781–82 (S.D.N.Y.2001)). If the complaint meets the notice

pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, the

motion should be denied. *See Shirk,* 2008 WL 4449024, at *8.

   a. *Plaintiff's Potential Remaining Claims*

   As it relates to any claims Plaintiff may have remaining, the Court will

require Plaintiff to amend her pleading to be more definite. Plaintiff's Complaint

and subsequent attachments are over 400 pages in length and in narrative form. It

is difficult to discern what claims, if any, remain beyond her claims identified by

the check marks in the Court's pre-printed "Complaint for Employment

Discrimination" and her EEOC Complaint. In this respect, Plaintiff's Complaint

does not satisfy Rule 8(a)(2), which requires "'a short and plain statement of the

claim showing that the pleader is entitled to relief,' in order to 'give the defendant

fair notice of what the ... claim is and the grounds upon which it rests.'" *Twombly*,

550 U.S. at 555.

## III.   ORDER

   Accordingly,

   **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss and for

More Definite Statement (ECF No. 11) is granted.

   **IT IS FURTHER ORDERED** that, within fourteen (14) days of this Order,

Plaintiff shall file a more definite statement providing the details set forth above.

Specifically, in compliance with the applicable Federal Rule of Civil Procedure

Rule 8, Plaintiff is required to state each of her claims separately and concisely, with her supporting allegations in short, numbered paragraphs. [1]

**IT IS FURTHERED ORDERED** that Plaintiff's failure to comply by such time may result in the Court dismissing Plaintiff's cause of action with prejudice for failure to state a claim upon which relief can be granted, without further notice.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 16, 2024

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 16, 2024, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager

---

[1] There is a clinic at the courthouse available to assist *pro se* parties. Information is available at http://www.mied.uscourts.gov/Pro_Se_Clinic_2019. Representatives at the clinic may be able to assist Plaintiff in responding to this Opinion and Order.